Stephanie R. Tatar (237792)
THE TATAR LAW FIRM
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@thetatarlawfirm.com*

*Attorneys for Plaintiff Shelton Worden Riggs, Jr.*

Ronald I. Raether (SBN 303118)
TROUTMAN SANDERS LLP
5 Park Plaza Suite 1400
Irvine, CA 92614-2545
Telephone:  (949) 622-2722
Facsimile:  (949) 622-2739
ronald.raether@troutmansanders.com

*Attorneys for Defendant Corelogic Credco, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELTON WORDEN RIGGS, JR.<br><br>Plaintiff,<br><br>vs.<br><br>CORELOGIC CREDCO, LLC, ET AL.<br><br>Defendants. | Civil Action No. 2:15-cv-09848-RGK-KS<br><br>**JOINT REPORT OF RULE 26(F) MEETING** |

Pursuant to the January 22, 2016 Order Setting Scheduling Conference, Local Rule 26-1, and Federal Rule of Civil Procedure 26(f),  Plaintiff Shelton Worton

1

Riggs, Jr. and Defendant CoreLogic Credco, LLC (collectively, "the Parties") hereby submit this Joint Report in advance of the April, 25, 2016 Rule 16(b) scheduling conference.

## STATEMENT OF THE CASE

### A. PLAINTIFF

Plaintiff brings this action for damages against Defendant Credco, alleging violations of the Fair Credit Reporting Act ("FCRA") for their failure to assure the maximum possible accuracy of Plaintiff's consumer credit files. Specifically, Defendant marked Plaintiff as "deceased" on his credit reports. As a result of Defendant's inaccurate reporting, Plaintiff has lost credit opportunities, experienced damage to his credit reputation and suffered emotional distress. Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

### B. CREDCO

Credco complied with any applicable obligations under the FCRA and denies that it caused Plaintiff's alleged damages. Plaintiff alleges that Credco provided a credit report to an auto lender relating to Plaintiff. To date, Credco has been unable to locate such a report. To the extent such a report exists, as alleged in the Complaint, it could have only included information from a database of Defendant Equifax Information Services, LLC. Thus, Credco could only have acted as a conduit of such information, or at most as a reseller as defined by 15 U.S.C. § 1681a(u), which has limited duties under the FCRA none of which are applicable here. *See Baker v. Experian Info. Solutions, Inc.*, Case No. 14-cv-1011, 2015 U.S. Dist. LEXIS 82845 (C.D. Cal. June 22, 2015). Furthermore, Plaintiff never contacted Credco or disputed the allegedly inaccurate information with Credco. In addition, Credco received no information from Equifax that any of the information it was reporting was inaccurate. Plaintiff's FCRA claims fail for these and other

reasons. Furthermore, to the extent Plaintiff has any damages; those damages were not caused by Credco.

## MOTIONS

### A. PLAINTIFF

Plaintiff does not anticipate that he will file a dispositive motion.

### B. CREDCO

Credco intends on filing a motion for summary judgment in this case and proposes a motion cut-off date of January 27, 2016.

## MANUAL FOR COMPLEX LITIGATION

The parties agree that the issues in this matter do not warrant classification of this case as complex.

## DISCOVERY

The parties conducted their Rule 26(f) Conference on April 18, 2016. The parties will serve their initial disclosures by April 25, 2016. The parties do not believe that any changes are necessary to the timing, form, or requirement for disclosures under Rule 26(a).

The parties anticipate propounding written discovery and taking depositions of the parties and party representative. The parties anticipate conducting discovery on Defendants' policies and procedures, the damages Plaintiff allegedly sustained, Plaintiff's credit history, and Plaintiff's alleged applications for credit.

The parties propose a fact discovery cut off of September 23, 2016. The parties believe that this time frame for fact discovery is appropriate given the nature of the claims and issues in this case. The parties do not propose conducting discovery in phases or limiting discovery to particular issues.

The parties do not anticipate the need of electronically stored information.

The parties do not anticipate using an affirmative expert witness at this time. Should the need for expert witnesses arise, the parties suggest that affirmative expert

3

disclosures should be made on or before October 21, 2016, rebuttal expert reports, if any, will be due on or before November 23, 2016, and that all expert discovery will be completed by December 23, 2016.

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action. The parties anticipate submitting a joint motion for a protective order for the disclosure of confidential documents. Inadvertent production of privileged material shall be governed by Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502.

The parties anticipate the filing of a Confidentiality Agreement or Stipulated Protective Order to redact confidential consumer information and other sensitive information, including any proprietary information, that may be included in documents produced in this litigation. The parties will submit a stipulated protective order for consideration and entry by the Court.

The parties will abide by the Federal Rules of Civil Procedure for matters concerning discovery and discovery limitations. The parties do not propose that the Court issue any additional orders regarding scheduling orders under Rule 16(b) or requirements for the pretrial conference under Rule 16(c) other than those contemplated therein.

## ADDITIONAL PARTIES

The parties do not anticipate that there will be additional parties added. Should additional parties be added, the parties suggest the deadline to do so will be May 23, 2016.

## SETTLEMENT

The parties are currently conferring on a mutually agreeable settlement procedure. Once the parties have reached an agreement, the parties will file the appropriate ADR forms with the Court.

Under Local Rule 16-15.5, the Parties have selected Settlement Procedure No.

_. The Parties agree that this ADR session should occur on or before June 30, 2016.

## TRIAL ESTIMATE

The parties estimate that the jury trial in this case will last 3 days.

Respectfully Submitted,

| s/ *Stephanie R. Tatar* | /s/ *Ronald Irvin Raether, Jr.* |
|---|---|
| Stephanie R. Tatar (237792) | Ronald Irvin Raether , Jr |
| THE TATAR LAW FIRM | TROUTMAN SANDERS LLP |
| 3500 West Olive Avenue, Suite 300 | 5 Park Plaza, Suite 1400 |
| Burbank, CA 91505 | Irvine, CA 92614-2545 |
| Telephone: (323) 744-1146 | Telephone: 949-622-2722 |
| Facsimile: (888) 778-5695 | Fax: 949-622-2239 |
| Stephanie@TheTatarLawFirm.com | Ronald.Raether@troutmansanders.com |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Shelton Worden Riggs, Jr. | Corelogice Credco, LLC |